Schulting *v.* Schulting.

RUTH A. SCHULTING, executrix &c.

*v.*

EMMA SCHULTING et al.

An estate was given to testator's widow for life, with remainder to her children, who are infants. There was a restriction that the principal should be kept unimpaired and invested. Discretionary power to sell the real estate was given. Some of the testator's houses were dilapidated at the time of his death, and the expense of repairing them is very considerable and constantly increasing.—*Held,* that, while it is the widow's duty to keep the buildings in repair, and, although equity will not ordinarily, under a power of sale, authorize a trustee to mortgage the estate to improve it, yet, if the circumstances justify it, and it is necessary to do so in order to save the real estate, it may order such a mortgage to raise money to replace the old houses by tenantable ones.

Bill for construction of will. On final hearing on bill and answer.

*Mr. Walter Kip,* for complainant.

THE CHANCELLOR.

Herman Schulting, deceased, by his will, made in 1866, gave his estate to his executors and the survivor of them, in trust to pay his debts out of his stock in trade, and if that should not be sufficient, to apply thereto so much of the debts due him as should be necessary, and then to hold all the rest, residue and remainder of his estate, and the proceeds thereof, to and for the use and benefit of his wife, the complainant, for life, the provision being in lieu of dower. They were to invest the principal

in good, dividend-paying stocks, government or state stocks or bonds, or upon bond and mortgage of improved real estate, in the city of New York or the city of Brooklyn, and pay over the income to his wife directly ; but it was enjoined upon them to keep the principal unimpaired, and to keep it invested. His real estate was to remain unsold, or to be sold according as his executors in their discretion might deem best and most likely to produce a fair income. After his wife's decease, he gave the *corpus* of his estate to his children in equal shares. He gave to his executors and the survivor of them, power to sell and convey his real estate, and to execute and deliver the necessary conveyances, and to do every other thing, and execute and deliver every other paper or instrument, requisite or essential to carry out and execute his will. He appointed his wife and Dederick Dieckmann executors. The testator died in 1882. Mr. Dieckmann predeceased him. The will was proved by Mrs. Schulting, in Passaic county, in this state. The bill states that at the testator's death, a large part of the buildings upon the real property left by him were very old, decayed and out of repair ; that since that time the complainant has done her utmost to keep them in good, tenantable repair ; that the repairs thereto, on account of the dilapidated condition of the buildings, have been a constant drain upon the income of the estate, which drain will, in the future, be greatly increased ; that if the buildings were removed and new ones erected in their stead, the income from the property would be greatly increased ; that the complainant cannot sell the real estate to advantage, and is not able, for want of funds of the estate to apply to the purpose, to build such new buildings, and that she cannot raise the money by mortgage, because of there being a doubt as to her power to mortgage.

It is laid down that a grant of power to trustees to sell will authorize a mortgage, which is a conditional sale, wherever the objects of the trust will be answered by a mortgage ; as, for instance, where the trust is to pay debts or raise portions. *Hill on Trustees 475 ; Loebenthal* v. *Raleigh, 9 Stew. Eq. 169.* It is urged that, in the case in hand, the testator directs that the *corpus* of his estate, after paying his debts, shall be kept unimpaired ;

and it is argued that that provision embraces the real estate, and requires the executrix to keep it up by substituting new buildings for old and dilapidated ones. But, immediately after that direction in the will, there follows a provision which shows what disposition of the real estate the testator contemplated—the provision that the real estate is to be kept unsold or to be sold according as the executors in their discretion may deem best and most likely to produce a fair income. The testator does not provide that it shall be held by the estate. The complainant is the equitable tenant for life. The obligations of such a tenant as to keeping the buildings of the estate in repair, are substantially the same as those of a legal life tenant. *Perry on Trusts § 552 ; Cadmus* v. *Combes, 9 Stew. Eq. 382 ; S. C. on appeal, 10 Stew. Eq. 264.*

It seems very clear that in the matter under consideration there is no legitimate object of the trust, as contemplated by the testator, which will be answered by a mortgage. He manifestly did not contemplate the mortgaging of any part of the estate. As before suggested, it is not to be inferred from the direction to keep the principal of the residue unimpaired. He expressly gave the executors power to keep or sell his real property as might be most advantageous to his estate. There is no evidence of an intention to authorize them to encumber it in order to improve it. On the contrary, there is evidence of an intention that they shall avoid risks in the management of his property, and that he did not contemplate the improvement of his real estate by building thereon. If the power of mortgaging the estate to raise money to improve it is to be implied from a mere power of sale, the exercise of the power would be at the discretion of the donee of the power, who, consequently, would be the judge of the extent to which it is to be exercised. It is manifest that an estate might be greatly impaired by the exercise of such a power. Equity will, in a proper case, sanction the exercise of a power to mortgage under a power to sell. A power of sale in such a case as this will be construed as authorizing a mortgage where it is necessary for the preservation of the estate, but not where the object is improvement merely. In *Loebenthal* v. *Raleigh, ubi*

Schulting v. Schulting.

*supra*, the testator gave power to his executors to sell a portion of his real estate, if necessary for the payment of his debts. The estate included a very large tract which could only be sold to advantage as a whole, and whose value would be greatly depreciated by selling any part or parts of it, and by reason of its character and value, a purchaser could only be obtained exceptionally and by effort. It was held that, under the circumstances, the executors should be authorized to mortgage the tract to raise the money to pay the debts, after applying the personal estate thereto. The beneficiaries under the will joined the executors in the application. In *Matthews* v. *Dellicker, 12 Stew. Eq. 90,* leave was given to executors (but with the consent of all the beneficiaries under the will) to improve real estate by building a new building in place of a dilapidated one, with money derived from the condemnation by a railroad company of other land of the estate. In the case under consideration, while the beneficiaries under the will join in approval of the proposed improvement, three of them are infants appearing by guardian *ad litem.* It may be that in this case the circumstances are such as to induce the court to authorize the giving of a mortgage in order to save the real property. But all that appears on that subject is the statement of the bill, that the executrix cannot sell the real estate to advantage. The answer does not admit this, but on the contrary, it would appear, from its statements, that that consideration is not the ground of the application. It states that the complainant wishes to make the proposed improvements and that the defendants are desirous that she should do so and not sell the property, but retain it for them and for her benefit; that she has no funds for the purpose, and can get none without selling or disposing of part of the estate (which they do not want her to do) or by raising a sufficient sum, upon bond and mortgage, which they say they have ascertained could easily be done were it not for the question as to her power to mortgage. The complainant may put in proof that the land cannot be sold without sacrifice, and the cause will stand over until the proof shall have come in.